Good morning your honors. May it please the court, my name is Victoria Clark and I represent the petitioners and the petitioner interveners in this case. This case challenges EPA's delegation of the NPDES program to the state of Alaska on three grounds. First, the Alaska program does not provide the same access to the courts to challenge NPDES permits as provided by the Clean Water Act because Alaska is the only loser pay state in the country. This restriction shows the ability of citizens to challenge permits and narrowly restricts the class of persons likely to challenge permits. Second, EPA violated ANILCA because no subsistence evaluation is required for NPDES permits under the Alaska program. And third, EPA's decision was arbitrary and capricious because Alaska does not have the legal ability to enforce NPDES permits through the assessment of There is no question that the Clean Water Act was written with the intent for states to administer the NPDES program. There is also no question that the delegation criteria are straightforward requirements that if met require EPA to delegate the program. But the fundamental requirement of the Clean Water Act is that citizens be encouraged and assisted to challenge permitting decisions. Once a state takes over the NPDES program, challenges to those permits must be brought in state court. In Alaska, but nowhere else in the United States, citizens take a significant financial risk in bringing that challenge. Rather than the American rule for attorney's fees, plaintiffs face the potential of paying a portion of the other side's attorney's fees, including intervenors. This is not about a level playing field between the regulated industry and citizens and their access to the courthouse. Citizens enforcing Clean Water Act requirements in a permitting decision have no financial stake in the case, but they do have a very strong interest in protecting clean water. EPA was aware of, of course, loser pay, but my understanding, well first of all, aren't they entitled, isn't the agency entitled to our, A-U-E-R, deference in only when the language is ambiguous. And the language in the, in 40 CFR section 123.30 is very clear. States shall provide for the opportunity for judicial review that is sufficient to provide for, encourage, and assist public participation in the permitting process. Well, under that particular language, following the our principle, EPA has reached the conclusion that loser pay is not a problem. And in fact, looking at rule 82 of the Alaska rules themselves and the way it's implemented, there are public service exceptions, as I understand it. Not anymore. There used to be a public interest litigant exception in Alaska that allowed for folks who had, who did not have an economic stake in the matter who could no longer be shielded from paying the other side's attorney's fees. What is the impact of the safety valve rule 82? Well, rule 82 has various criteria that the judge will look to as to whether or not they will assess penalties or assess attorney's fees in that case. But the problem with that is it's still purely discretionary on the part of the court. And as an example, which is provided in the comments and in a letter to EPA that we've submitted, there was a case a couple of years ago where a state program was challenged under the coal bed methane leasing program. And plaintiffs did not want to pay the state's fees on that case. And the state sought attorney's fees. The folks in that case brought a motion under rule 82 and said, we shouldn't have to pay these because this was a public interest case. And even though the rules, the laws have changed, this is an onerous attorney's fees award that will chill the similarly situated litigants from bringing these kinds of cases. And there were eight declarations that were submitted. And so what's being required of the folks in Alaska who are very concerned about water quality and whether it's being protected by these permits, they can't come to court anymore because they're worried that the discretion of the judge will be they have to pay the other side's attorney's fees if they don't prevail. So if the federal dual standard for attorney's fees is met, which it is not in Alaska, then a program would meet the requirements of the Clean Water Act. If you look at the examples that are in 40 CFR 123.30, the state meets the standard if there is a judicial review opportunity that is the same as that available under Section 509 of the Clean Water Act. They do not meet the standard if it narrowly restricts the class of persons who can bring the case. And the loser pays for it. To a certain, well, I don't think it really does. We certainly don't have the extreme of the first prong, which is when they meet it. But we do have the when they don't meet it, which is that there is a class of citizens here who cannot bring these cases. And it goes directly against. I don't think so. Because the parenthetical gives specific examples that don't speak to your situation. For example, you must show a pecuniary injury. And Alaska doesn't impose that. It seems to me you have in effect two safe harbors or two automatic definitions. And this case sails someplace between them. It's not clearly defined as meeting. It's not clearly defined as not meeting. You have the general standard that begins the regulation is what Alaska offers up sufficient to provide for, encourage, and assist public participation in the permitting process. Do you disagree with that assessment of the regulation? I suppose yes. I do. But you have to look at the language itself, which says that the ability to get judicial review has to be provided for, encouraged, and assisted. Which means that folks who are trying to, citizens who are concerned about water quality and whether or not a permitting decision has actually protecting that water quality have to have this hurdle that's in place. They are not being assisted into court. And the Clean Water Act has a higher standard for allowing people to get into court because citizens were meant to help supplement the government's ability to enforce the Clean Water Act. So just speaking for myself, it would seem to me that if there were a clear provision in Alaska law that says that anybody who brings a suit and loses has to pay a substantial penalty in attorney's fees, that that would chill public participation? Yes. Okay. Now, we don't quite have that. It doesn't seem to be quite that clear because there appear to be some fudge factors here that give the court's discretion to award fees or not. So could you go to that and try to pinpoint exactly what it is that, because there is a, there is, I'm just speaking again for me. If any citizen who files a suit challenging an action risks a penalty, explain to me whether that is what's happening or how close we come to that happening because that's what I'm not understanding. Well, the experience we have is not long in this realm at this point because the Supreme Court acted and saying that HB 145 was constitutional in 2007. And what I have is the case that I just talked about, which was the coal after that decision, we had a judge who exercised the discretion and awarded attorney's fees. But what is the controlling statute or rule that would apply here? That's what I'm really getting at. The controlling statute for allowing attorney's fees? Yeah, on fees in Alaska. Okay. So, well, okay, I understand your question now. Yeah. So if you, if the citizens who are concerned about the permitting decision bring a case, they will bring it as what's called an administrative appeal in Alaska, which is an appellate court to the agency. And in that case, Rule 508 does apply. But Rule 508, and Rule 508 says that the judge just has discretion. There's actually no particular requirements there as to what they have to consider. But under the Carr-Gottstein case, the courts generally look to Rule 82 and apply those criteria. And the sort of out for the discretion or the equitability of whether or not somebody should have to pay attorney's fees goes to whether or not that award would be so onerous as to chill similarly situated litigants. And so you have to prove that up every time. And you're always reliant on the judge's discretion on whether or not that's going to happen. And that's under the Christianberg standard or our dual standard that the, that you can't get fees unless your case is frivolous. Right. Which is much different. So I will leave that for the time being. And you can ask further questions. But I wanted to get to the ANILCA claim too. ANILCA is, provides a unique legal requirement when federal permits are issued in Alaska. And that requires a subsistence evaluation. By delegating the NPDES program to Alaska without a subsistence evaluation requirement before the issuance of these NPDES permits, which are federal permits. The EPA has violated the requirements of ANILCA. Now as I understand it under ANILCA, it only applies to agencies with primary jurisdiction over public lands, such as interior and agriculture, which would of course not include the EPA. That's EPA's position. But under the John case, which is an en banc panel of this court decided, public lands includes water. And so, and the waters specifically are federal navigable waters that are adjacent to or within the exterior boundaries of federal reservations in Alaska. And so while there is the federal land agency, like Fish and Wildlife Service, that looks over refuges, that's for the land part. There's still the waters part, which is also considered land. And our argument is that EPA is the agency that determines whether or not there should be discharges and impacts to the waters or that land. And so they are the primary jurisdiction agency for those waters. And EPA is not a resource agency in the way ag or interior is. They don't I mean they're certainly set up differently and they issue permits in a different way. But it's still that they are the agency that controls what happens in those lands. And so there should be a subsistence evaluation that is required, either at the state level or that EPA should have retained. And because of that, ANILCA has been violated. Because ANILCA has Alaska specific requirements. The subsistence evaluation requirement is mandatory. And so ANILCA and the Clean Water Act delegation criteria must be accommodated. Yet EPA has not ensured that the subsistence evaluation requirement in ANILCA is included in the Alaska program. And that makes this decision arbitrary and capricious and not in accordance with the law. And just quickly on the administrative penalties aspect, we agree that the language of the regulation says that the assessment of administrative penalties is not a mandatory requirement. But the note in that regulation does say that it is highly recommended. And EPA doesn't dispute that the administrative penalties would result in better enforcement. The regulation states that it's highly recommended that it's included. Our clients and three others have commenters explain the necessity for the requirement and that it's to deter chronic and willful violations. And as a resource extraction state where resources are highly valued because of their contributions to the state's general fund and an individual permanent fund dividend every year, there is less incentive for Alaska to pursue those civil penalties in court. And a quick review last night of the states that have the program, the majority of them do have the ability to assess these administrative penalties. So it is arbitrary and capricious for EPA. Does that mean it would have to take everybody to court? No. In those other states? No, I mean here. Oh, here. Yes. If they want to assess the civil penalties, they have to go to court rather than being able to just do it administratively. You said majority. That implies that there are some states that do not. There are some states that do not. But EPA in this case, given all of these factors, it didn't have an arbitrary and capricious decision in not considering all of that and having that be mandatory in this case. So I'll just reserve some extra time for rebuttal. Thank you. Thank you. We have about a minute left. Good morning, Your Honors. May it please the Court. My name is Ken Amiditz. I'm from the Justice Department here today on behalf of the Environmental Protection Agency, the respondent in this matter. Also with me at counsel's table is Mike Lee from EPA's Office of Environmental Protection and Cam Leonard from the State of Alaska. The Court has allotted 15 minutes for each side in this argument. I plan to use two minutes and allow Mr. Leonard to use the remaining time. The petitioners in this case have raised three challenges, as the panel just heard, to EPA's decision to approve Alaska's request to administer the Clean Water Act permitting program within the State of Alaska. These challenges must be rejected for the following reasons. First, EPA reasonably found that the Alaska program meets EPA's regulatory requirement that a state provide an opportunity for judicial review of permitting decisions that is sufficient to provide for, encourage, and assist public participation in the permitting program. Second, EPA's decision to approve the Alaska program did not trigger the Alaska National Interest Lands Conservation Act, also known as ANILCA. And third, there's no basis to the petitioner's claim that EPA should have disapproved the Alaska program due to the fact that state officials lack the ability to impose administrative penalties. As you heard, the petitioners agree with EPA that neither the Clean Water Act nor EPA's regulations require such authority. And so arguably it would have been arbitrary and capricious for EPA to disapprove the state program for not having that authority. And unless the Court has any other questions on that issue, I will spend the remainder of my time on the public participation, judicial opportunity, and ANILCA issues. Turning to public participation. I am confused. How much time are you taking? Twelve minutes, Your Honor. Well, okay. That's what it said here. I thought you said two. Oh. The petitioners contend that EPA's approval of the Alaska program violated an EPA regulation, 40 CFR 123.30, because the fee-shifting rules applied by Alaska's courts will deter permit challenges and as a result will not provide the same opportunity for judicial review as provided for federally issued permits under the Clean Water Act. But that argument, which is really at the center of the petitioner's case, is based upon a fundamental misunderstanding of EPA's regulation, which makes it clear that equivalency with the Clean Water Act judicial review provisions is not the basis for state program approval. As Judge Clifton was mentioning a moment ago, the regulation sets first a governing standard. To be approved... Because time is going on, I think we have that different view expressed, but the plaintiff didn't fold her tent at that point and raised, I think, a serious question with regard to whether there is a substantial disincentive so that even if you're looking to the general standard of provide for, encourage, and assist in public participation, there's at least some serious question as to whether the loser pay rule in Alaska might, in fact, inhibit that. Could you speak to that, please? Yes, Your Honor. This is a question that EPA looked at very closely and considered and reached a reasonable result, considered all the relevant factors and reached a reasonable result that is neither arbitrary and capricious. And EPA determined that the state met the standard. As a background, when EPA adopted the regulation at issue here, EPA explained why the opportunity for judicial review is important in the permitting process. And it's important to make sure that the permitting agency gives due weight to citizens' concerns. And this seems to speak about something that's not particularly contested. What we need to know about is how is it this loser pay rule isn't going to provide such a disincentive as to discourage the public participation the regulation requires. I'm sorry, Your Honor. I'm getting there. I'm getting there. I just hope so. To set the predicate, so the goal of achieving public participation is achieved where citizens do not face narrow restrictions on standing and where citizens can present a legitimate threat of challenging the agency's permitting decision in court. And so that's what EPA- Well, let me ask you this. Clearly, this doesn't come within the examples, but the loser pay. But just assume that under Alaska, any citizen who files a suit and loses that challenge is going to get socked with attorney's fees that are substantial and for the ordinary citizen would be prohibitive of being able to afford to file the suit. Would you say that that rule would satisfy the statute and provide regulation and provide adequate recourse to the courts? Just so I understand, so that the state law- Let's assume that the loser pay is a rigid rule that says that if you file your challenge under the Clean Water Act in state court and you lose, you're going to get socked with substantial fees. And substantial fees would be, I think we can all agree, the certainty of having to pay fees would be a substantial inhibition to filing suit. Would you agree that such a rule would not come with- would not provide adequate access to the courts in your regulation? That's probably right, Your Honor. Yeah. That's not the case here, but that is- Well, that's what I'm just- I'm just trying to establish our bookend here. Right. Now, why isn't that the case here? It's not the case here for- let me just go over four reasons. First of all, attorney's fees are not the only consideration. What EPA is looking at is the opportunity for judicial review that the state provides. And really, the key consideration there is standing. And so, in this case, there's nothing under Alaska law that narrowly restricts- But we understand that. Just to give you- that's part of the overall picture. You could go to court under Alaska law, but if you do, we're assuming, and you lose, a judge disagrees with you, you're going to get socked with thousands of dollars in fees. Okay. Well, moving on to that, the fee-shifting rule that the petitioners point to, which is Alaska's Rule of Civil Procedure 82, is not directly applicable to the appellate courts that will hear permit challenges under the Alaska system. Those courts follow Alaska Rule of Appellate Procedure 508, which provides that, quote, attorney's fees may be allowed in an amount to be determined by the court, a discretionary standard that is quite similar to the standard under Section 509 of Clean Water Act, which is set as the automatic- Do we have any history of how the courts are administering Rule 508 in public interest cases? There- the case law- there's nothing in the record as history, any sort of empirical evidence that courts apply it one way or the other, but the case law, you know, as set forth in our brief, says that the Supreme Court has said judges applying Rule 508 have discretion. They can look to Rule 82, and certainly I've- there are cases where appellate courts look to Rule 82 for guidance in reaching their fee determinations, but they're- So as far as we know, there's no standard that they would be guided by in determining whether or not fees should be awarded or not. The State Supreme Court has- has set- the standard has said that Rule 508 should only allow for a partial award of fees. It's not meant to punish the other side, and you may only obtain a partial award of the fees that you incur during the appellate proceedings, not during any administrative proceedings or trial-type proceedings. So those are- That's all you'd have here, presumably. Well, there could be attorney's fees involved in an administrative process, but so it would just be whatever fees you have on appeal, which it's worth noting that that appeal would be on an administrative record, and so it would probably be a summary judgment briefs instead of a de novo proceeding. So EPA was aware that the courts- appellate courts are permitted to look to Rule 82, but it's very important to- to recall that Rule 82 does have a standard- or has an anti-deterrent provision in it that allows courts to vary the standard fee award if the award would be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts. Now, Petitioner's Council pointed out that the Alaska Legislature took away from the courts the public interest exception, but the State Supreme Court in upholding the public interest exception made very clear that this exception to Rule 82 is still viable and that lower courts should rely upon it in public interest cases. And that's why the court- the State Supreme Court said that- that the- that HB 145 had only taken away the public interest exception in part. And so there still exists what is in effect a public interest exception in Rule 82. Do you know what that means exactly? Does that- how would that apply to a citizen who wants to challenge a decision under the- in state court? Well, in- in any- if that citizen did- did not prevail and then the- could- and the- the other party moved for fees that the citizen could then make a showing that- But this burden would be on the citizen to make a showing that they're not entitled to- that they don't have to pay fees? Well, the court could- I'm not sure how the burdens align in Alaska courts, but the court could consider that question. It's important. I think we don't have much history as to what's going to happen. Does the EPA have any kind of continuing ability here to watch what happens? And if it decides that, gee, the way things are actually working out is that loser pays means loser always pays, that this exception isn't actually applied? Can EPA do anything about it once it's given over to the state this responsibility? Yes, Your Honor. Yes. EPA has the authority to withdraw a state program if the state is not meeting the requirements of the Clean Water Act. And citizens can petition EPA to withdraw the state program or EPA can act on its own authority. I'll just finish up on the fees. The fourth factor EPA considered was that the state of Alaska has made the commitment in its application to administer the Clean Water Act permitting program.   against petitioners who bring non-frivolous permit appeals. So that removes fees as a consideration in a- State. State. State. State. State. How does that work? The state committed. The state has made a commitment in public and to EPA in its program application. Where can we find that commitment? That's not in a statute or anything. It's not in a statute but it is in a statement from the from the state from the governor and the attorney general that that's the position of the state. And that's in the record I'm sorry. Bear with me a second. May I defer to Mr. Leonard to- Does such a statement have a force      to abide by statements made by EPA and the state and the governor and the attorney general and the attorney general and the governor and the attorney general and things like that. The way the Clean Water Act is established there are many aspects of the application process where the state has to the state has to represent the EPA. I understand that you expect them to live up to that but it doesn't have the force of law. No, not the force of law. I see that I'm down to about two and a half minutes. Thank you very much. Thank you. Good morning Your Honors. Given the short time I have to work with I'd like to go directly to some of the questions that you posed. I believe that commitment which you'll find at Excerpt of Record 172 which is in the program description that the state provided as part of its application for primacy to EPA does have the force of law because in the Memorandum of Agreement that we reached with EPA we agreed that we would comply with all the terms of the program description if we failed to do so one of the bases that EPA has to withdraw program approval under 40 CFR 123.63 is state's failure to comply with the terms of the Memorandum of Agreement. We covered that briefly in our brief. But going to the question of whether well first of all to answer your hypothetical question Judge Schrader if there was a rule that said automatically anybody who sues and loses has a significant monetary penalty our Supreme Court would not uphold such a rule they've shown themselves to be very sensitive to protecting people's constitutional right of access to the court system in a whole line of cases that we went through in our brief but they're summarized in the decision which is probably the most significant state case for purposes of this case and in that case the court did uphold the bill HB 145 that eliminated the public interest litigation exception the only reason well I shouldn't say the only reason the main reason the court gave for doing so is that safety valve that's already in rule 82 and again I agree with counsel  that rule 82 doesn't directly govern it's one way that courts that are considering a fees award in the context of an appeal could calculate the award it's not the only way but the safety valve is that the court considering an attorney's  can consider quote the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts and it was reading that language and relying upon it that led our Alaska Supreme Court to say that people's right of access to the courts including public interest groups was adequately protected even without the public interest litigant exception that had grown up under the common law otherwise the state joins with the brief and the arguments of the federal attorney in their entirety thank you thank you okay just a few points on the questions that have been raised in the argument given is that this is a legitimate threat to folks who want to protect water quality even if the state does not go and try to get their attorney's fees if the plaintiffs do not prevail the large threat here is industry industry will always be involved in these cases because it is their permits they have much more expensive lawyers and the very reason for HB 145 was to chill these kinds of cases a lot there is a sentiment in the legislature that folks who are challenging resource decisions should not be before the court on the basis that there is a public interest exception and that is why it was taken away and so now while there is still rule 82 you cannot be shielded from attorney's fees for the same reasons you could be for that there was a public interest case and the burden is on us I think you've used your time thank you your honors the matter just argued is submitted for decision that concludes the court's calendar for this morning and the court stands
judges: Schroeder, O'scannlain, Clifton